Bruce Edward Committe
becommittte@hotmail.com
12936 Clifton Blvd, #3
Lakewodd, OH 44107
PH 850 206 3756
No fax
Plaintiff, Pro Se

FILED 7 JUN '18 16:22 USDC-ORP

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

Portland Division

BRUCE COMMITTE,

          Plaintiff,

v.

MILLER NASH GRAHAM & DUNN LLP,

and

P.K. RUNKLES-PEARSON,

          Defendants.
_____/

3'18 CV 1013-HZ

COMPLAINT

1. Now comes Bruce Committe, a human being and Plaintiff here, and files this age discrimination law retaliation and denial of free speech

Page -1-

complaint against Miller Nash Graham & Dunn LLPO ( a law firm, hereinafter "Miller" and "Miller case") and P.K. Runkles-Pearson.

## Jurisdiction

2. This court has jurisdiction over this case because this complaint brings a federal question matter alleging defendants' violation of the anti-retaliation provisions (29 USC 623(d)) of the federal Age Discrimination in Employment Act (ADEA) and violation of the U.S. Constitution's First Amendment Free Speech protected rights.

## COUNT ONE

## RETALIATION–29 USC 623(d)

This count sues Miller Nash Graham &Dunn LLP;

3. Bruce Committe at all times relevant to this complaint has underway a separate civil case in this court (18 cv 00328, hereinafter case 328) against Oregon State University and many of its employees.

4. Case 328 alleges age discrimination, along with other counts, against OSU and many of its employees.

5. The Miller law firm represents OSU and the other named

defendants in case 328 (hereinafter 328 defendants) which continues in litigation at the time of the filing of this complaint.

6. The Miller law firm in all matters relevant to this complaint, meets the definition of "employer" as defined in the ADEA since in case 328 it acts as an agent for OSU and the other defendants in that case (29 USC 623 (d)).

7. The Miller firm and OSU each and combined have more than 500 employees.

8. At times relevant to this complaint, and after the complaint in case 328 had been filed, Plaintiff was an applicant for employment at OSU.

9. At times relevant to this complaint Miller and P.K. Runkles-Pearson were agents of OSU and of the other defendants in case 328 with respect to case 328.

10. On behalf of its defendant clients in case 328, Miller has retaliated against, and thereby discriminated against, Plaintiff because Plaintiff had previously filed ADEA age discrimination complaints

against (1) OSU and its employees in an age discrimination case filed previous to Plaintiff bringing case 328 and (2) other defendants in other age discrimination cases in other courts of law brought by Plaintiff by referencing these two category of previous filed cases as evidence of Plaintiff's alleged maliciousness in bringing case 328 and in support of an argument that Plaintiff's bringing case 328 was a frivolous and malicious filing.

11. The specific form of the retaliation was Miller, via its partner P.K. Runkles-Pearson, signing and filing in case 328, as a 29 USC 623(d) agent for the defendants in case 328, (1) a motion to dismiss case 328 and (2) a motion for a pre-filing order to prohibit Plaintiff from filing any future age discrimination complaints against Oregon State University and its employees in this court. See motion and memorandum paper with attachments attached hereto.

12. The two motion filings mentioned immediately above argue that all of Plaintiff's previous age discrimination complaint filings in all of those previous cases mentioned above were wrongdoings and as such

are evidence that the age discrimination complaint filed in case 328 is wrongdoing, in the form of malicious and frivolous filings, that should cause the court in case 328 to grant the two motions.

13. The filing of the two motions are harmful to the Plaintiff's interests in his reputation and in using this court, in case 328 and in any future case brought before this court or any other court anywhere, to bring any civil case alleging wrongdoing of any kind against any defendants because defendants in those future cases will look to case 328 to argue that their case (in the future) should also be dismissed as frivolous and malicious because Plaintiff Bruce Committe allegedly files frivolous and malicious age discrimination cases.

14. Too, the two motion filings, and memorandum with attachments in support thereof, will more likely than not embolden future would-be-employers of Plaintiff, including OSU, to commit age discrimination and other wrongdoings against him because Plaintiff has been labeled a frivolous and malicious filer of civil law suits, and therefore Plaintiff's rights to bring complaints of wrongdoing to court

for redress of his grievances, against OSU and others, will be diminished–just as the Miller firm as done for its clients in case 328.

Furthermore

15. Since the filing of the complaint and its amendments in case 328 OSU has solicited the general public for applications for two more open accounting faculty positions.

16. The first of the two new accounting faculty position solicitations was for a non-tenure track position and the second was for a tenure track position.

17. Neither position/solicitation announcement was published in the traditional location where OSU usually publishes such announcements which is The Chronicle of Higher Education and The American Accounting Association Career Center.

18. The faculty position announcement for the two faculty positions to which Plaintiff had applied for the two previous years–the second such year announcement being for the position which is the subject of Plaintiff's age discrimination complaint in case 328 and the

first being the position advertised in the previous year–had an application window of several months.

19. The period open for applications to be received for the two successive position announcements, made after the complaint and amended complaint was filed in case 328, was approximately 14 days each.

20. The reason for the limited period to receive applications for these two accounting faculty positions and for OSU's failure to publish the open positions in the traditional, nationwide audience publications was to retaliate against the Plaintiff for his bringing previous age discrimination cases against OSU and its employees and to avoid hiring Plaintiff because of his age.

21. The purpose of the limited position announcements was to prevent Plaintiff from learning of the position announcements and thus to prevent the Plaintiff from applying for the two positions.

21. Plaintiff, however, nevertheless learned of the two openings in time and applied in succession to both positions and was not hired.

22. Plaintiff suspected OSU would attempt to publish future accounting faculty announcements in a manner that would not attract Plaintiff's attention, by limiting the nature (place of announcement length of period when applications could be received) of any announcements/solicitations for future accounting faculty position openings, because OSU and its employees in charge of hiring accounting faculty did not want to hire Plaintiff because of both his age and because he had filed age discrimination based complaints against the University, its accounting faculty, the dean of the college of business, and high level administrators at the university notwithstanding that Plaintiff's qualifications would be better than other applicants.

23. In light of his suspicion and based on Pliantiff's experiences as an attorney dealing with bad actors, Plaintiff accessed OSU's human resources job opportunities web page, rather than waiting to be informed of any new accounting faculty position advertised in the nationwide publications The Chronicle of Higher Education and the American Accounting Association Career Center websites, and sure enough

Plaintiff found the two job announcements/ solicitations for accounting faculty positions and applications, on the OSU human resources website, having only a 14 day period for receiving applications for each advertised position.

24. Not long after Plaintiff applied for these two positions Plaintiff was informed by OSU that the search for the two positions, or else the two positions themselves, had been cancelled, thus thereby successfully retaliating and discriminating against Plaintiff because of his having filed age discrimination complaints against OSU and its employees and because of Plaintiff's age.

25. The two positions were cancelled in order to deny Plaintiff the two positions of employment and thus in retaliation against the Plaintiff because he had filed two complaints against OSU and its employees for age based discrimination wrongdoing and because OSU and its employees did not want to hire Plaintiff because of his age and because they did not want to have a faculty member who would stand up for his and others rights not to be unlawfully discriminated against not only in

their employment but in many other ways at OSU.

26. Defendant Miller acted in concert with OSU administrators and its other employees in--if Miller did not itself plan, direct, or advise OSU to engage in--the above scheme-filled discriminatory and retaliatory conduct described in paragraphs in this complaint

27. The above age discriminatory and retaliatory conduct of Miller and P.K. Runkles-Pearson was a violation of the anti-retaliation provision found in the ADEA at 29 USC 623(d).

28. But for the above age discriminatory and retaliatory conduct of Miller, OSU would have offered Plaintiff employment for both faculty positions advertised, and Plaintiff would have chosen the tenure track position.

29. Miller's conduct in the above wrongdoing was willful, intentional, wanton, and abominable.

30. The above described wrongdoing was the proximate cause of Plaintiff not being employed by OSU, Plaintiff not receiving income and employment benefits that he would receive if he had not been retaliated

against, and Plaintiff's emotional distress all of which have adversely affected Plaintiff's ability to enjoy his life.

31. Another result of the age discrimination and retaliation described above is Plaintiff's loss in the quality of his family relationships.

WHEREFORE, Plaintiff demands judgment against Miller Nash Graham, & Dunn LLP and in favor of Plaintiff and damages as follows:

1. General damages;

2. Lost back pay and 7 years front pay as well as the cash value of all employee benefits for those years which total is not less than one million dollars;

## COUNT TWO

## DENIAL OF FREE SPEECH

## 42 USC 1983

This count sues Miller, Nash, Graham & Dunn LLPO and P.K. Runkles-Pearson:

32. This count incorporates pars. 1 to 31 above.

33. In all matters relevant to this complaint Miller's actions were performed by one of its partners, P.K. Runkles-Pearson.

34. The Miller law firm and P.K. Runkles-Pearson each are a "person" as that word is used in 42 USC 1983.

35. In all matters relevant to this complaint Miller and P.K. Runkles-Pearson acted under color of law by acting in concert and conspiracy with employees of OSU who were themselves in this matter acting under color of law and within the course and scope of their employment by OSU.

36. The various complaints mentioned in the paragraphs above-- which were filed at various times previous to case 328 by the Plaintiff alleging age discrimination and which are now the underlying basis for Miller and P.K. Runkles-Pearson arguments in motions to dismiss the complaint in case 328 and for pre-filing orders to be issued in case 328-- were exercises of Plaintiff's free speech rights otherwise protected by the First Amendment.

37. The above described retaliatory actions of Miller and P.K.

Runkles-Pearson violated Plaintiff's U.S. Constitution First Amendment protected right to free speech which right Plaintiff had exercised when he filed the several age discrimination complaints against OSU and several of its employees in case 328 and prior to Plaintiff filing the complaint in case 328.

38. The above actions of P.K. Runkles Pearson were authorized and approved by Miller which law firm, along with OSU and its employees, caused P.K Pearson to act in the wrongdoing manner alleged in this complaint.

39. The above actions of Miller and P.K. Runkles-Pearson were authorized and approved by employees of OSU themselves acting under color of law and within the course and scope of their employment by OSU.

40. The denial of Plaintiff's right to free speech described above causes plaintiff emotional distress, loss in ability to enjoy life, and loss of income.

41. Plaintiff is entitled to a large punitive damage award because

of the diabolical nature of the willful, intentional, and wanton use of the legal system which Defendants have wrongfully manipulated and abused to cause undeserved harm; and such conduct is the sort which gives the legal profession the bad reputation which it has and which is detrimental to the value in use to society of the American legal system overall.

42. This facts of this case happened because Miller and P.K. Runkles-Pearson along with their clients OSU and several of its employees high and low in the administration of OSU decided the way to respond to Plaintiff's legitimate complaint of age discrimination in case 328 was to search for and use dirt on the Plaintiff which practice is shameful and a contributor to the bad reputation the public has regarding the American legal system, especially known to those who have interacted with it.

WHEREAS Plaintiff demands judgment against Miller and P.K. Runkles-Pearson, joint and several, and in favor of Plaintiff and for the following damages:

1. General damages for an amount to be determined by the court;

2. Plaintiff's emotional distress and loss of ability to enjoy life and loss in quality of family relationships for not less than on million dollars;

3. Lost pay, back pay, and front pay of 7 years for not less than one million dollars; and

4. Punitive damages of ten million dollars.

JURY TRIAL DEMANDED.

Respectfully submitted by,

*(signature)*

Bruce Committe, Plaintiff Pro Se
12936 Clifton Blvd #3
Lakewood, OH 44107
PH 850 206 3756
Becommitte@hotmail.com