IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

BRUCE COMMITTE,

Plaintiff,

v.

MILLER NASH GRAHAM & DUNN,
LLP, and P.K. Runkles-Pearson,

Defendants.

Case No. 3:18-cv-01013-AA
**OPINION & ORDER**

AIKEN, District Judge.

This matter comes before the court on plaintiff Bruce Committe's application to proceed *in forma pauperis* ("IFP") (doc. 1) in this action against defendants Miller Nash Graham & Dunn ("Miller Nash") and P.K. Runkles-Pearson, a partner at Miller Nash. For reasons set forth below, plaintiff's complaint (doc. 2) is DISMISSED, and plaintiff is granted leave to file an amended complaint.

/ / /

/ / /

## BACKGROUND

This action arises out of previous litigation in this district. Plaintiff has unsuccessfully applied for a faculty position at Oregon State University ("OSU") several times, and many of those rejections have led to lawsuits by plaintiff against OSU and others.

In *Committe v. Or. State Univ.*, Case No. 3:13-cv-01241-ST (*"Committe I"*), plaintiff filed age discrimination claims against OSU and several employees when he applied for, but did not receive, an advertised faculty position. 2015 WL 2170122 (D. Or. May 8, 2015), *aff'd*, 683 F. App'x 607 (9th Cir. 2017) The court granted summary judgment for defendants, finding that OSU had nondiscriminatory, nonpretextual reasons not to hire and dismissed the complaint with prejudice. The Ninth Circuit later affirmed this ruling.

In *Committe v. Or. State Univ.*, Case No. 6:16-cv-00962-MC (*"Committe II"*), plaintiff filed age discrimination and equal protection claims against OSU and several unnamed employees when he again applied for, but did not receive, an advertised accounting faculty position. 2016 WL 4374945 (D. Or. August 11, 2016) There, the court granted defendants motion to dismiss, and later dismissed the case after plaintiff failed to file an amended complaint.

In *Committe v. Or. State Univ.*, Case No. 6:18-cv-00328-AA (*"Committe III"*) plaintiff filed claims for age discrimination, retaliation, denial of academic freedom, and violations of his free speech and equal protection rights against OSU and several employees when he applied for, but did not receive, an advertised accounting faculty

position. 2018 WL 4623159 (D. Or. Sept. 26 2018) This Court granted defendants' motion to dismiss the complaint and later dismissed the case when plaintiff failed to file an amended complaint.

After filing his complaint in *Committe III*, plaintiff filed this action against defendants. Defendants represented OSU in previous litigation. Here, plaintiff alleges claims against defendants for age discrimination law retaliation pursuant to 29 U.S.C. § 623(d) and denial of free speech pursuant to 28 U.S.C. § 1983. Essentially, plaintiff alleges that defendants conspired with their client to deny him a job as an accounting professor at the university.

## LEGAL STANDARD

Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make two determinations. First, a court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915(e)(2)(B).

Regarding the second of these determinations, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the

complaint on the defendants and must dismiss a complaint if it fails to state a claim. Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* The court need not accept legal conclusions, unsupported by alleged facts, as true. *Id.*

*Pro se* pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). That is, the court should construe pleadings by *pro se* plaintiffs liberally and afford plaintiffs the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Additionally, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id.*

/ / /

/ / /

## DISCUSSION

Plaintiff seeks to proceed IFP. Here, the Court finds that the application demonstrates an actual inability to pay the required court filing fees. However, given that that plaintiff has failed to state a claim upon which relief can be granted, the Court withholds entering a final order on the IFP application pending the submission of an amended complaint.

The Court now examines each of plaintiff claims in turn.

I.  *Age Discrimination Retaliation Claim*

Plaintiff alleges that defendants retaliated against him on behalf of OSU due his repeated lawsuits against OSU for age discrimination in violation of 29 U.S.C. §§ 623(d). §§ 623(d) prohibits an employer from discriminating against any applicants for employment because that applicant has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or litigation as allowed under the statute.

A plaintiff may establish a *prima facie* case of discriminatory retaliation by showing that (1) she engaged in a protected activity; (2) she was subjected to an adverse employment action; and (3) there was a causal link between the protected activity and the adverse employment action." *Jamal v. Wilshire Management Leasing Corp.*, 320 F. Supp. 2d 1060, 1078 (D.Or. June 10, 2004) (citing *Bergene v. Salt River Project Agric. Improvement & Power Dist.*, 272 F.3d 1136, 1141 (9th Cir.2001)).

He first alleges that defendants retaliated against him in the *Committee III* litigation by filing (1) a motion to dismiss and (2) a request that this Court issue a pre-filing order against plaintiff in this district.

This Court can find no case or statutory authority which holds that motion practice by attorneys representing their clients in litigation constitutes and adverse employment action. The litigation itself was instituted by plaintiff, not defendants or their client. Moreover, defendants successfully defended the lawsuit as this Court granted the motion to dismiss. Finally, the Court declined to grant a pre-filing order, but the request itself in the motion to dismiss was not frivolous or harassing in nature. Thus, these allegations, fail to state a claim for discriminatory retaliation.

Plaintiff further alleges that since he filed his complaint in *Committe III*, OSU has solicited applications for two additional accounting faculty positions. He complains that OSU did not post the positions in locations where they have published openings in the past. He also alleges that the postings were open for a much shorter period than previous job postings. Plaintiff still managed to apply for those positions, but he was later informed by OSU that the position had been cancelled. He alleges that the cancelation of these positions constituted additional acts of retaliation by defendants.

This claim is problematic for several reasons. First, plaintiff has failed to allege facts with sufficient specificity which link the named defendants to this alleged failure to hire. In his complaint, he merely states that "defendant Miller [Nash] acted in concert with OSU administrators and its other employees" in a scheme to

discriminate and retaliate against him. Compl. ¶ 26. This is, however, precisely the sort of conclusory statement that is disfavored in federal pleading. *See Iqbal*, 556 U.S. at 678. (A pleading "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." (internal quotations omitted)) At the very minimum, plaintiff has failed to satisfy Fed R. Civ. P. 8.'s requirement that he show through short, plain statement that he is entitled to relief.

II. *Denial of Free Speech Claim*

Plaintiff also alleges that defendants' filing of a motion to dismiss his complaint as well as their request for a pre-filing order in *Committe III* violated his First Amendment free speech rights. Plaintiff brings this claim under 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law." *Long v. Cty. of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006) (citing *West v. Atkins*, 487 U.S. 42, 48, (1988)).

The Court is at loss to identify how defendants' actions as alleged violated plaintiff's rights to free speech. Plaintiff alleges that his previous complaints "were exercises of his free speech rights." Compl. ¶ 36. Seemingly, plaintiff is alleging that defendants violated his free speech rights by successfully defending their client in litigation which plaintiff himself initiated. The Court notes that plaintiff litigated *Committee III* case in accordance with Federal Rules of Civil Procedure and the

request for pre-filing restraint order was not granted. The Court can find no basis in case law that defendants alleged activity violates the First Amendment.

Setting aside whether plaintiff has adequately alleged that his rights were violated by the activity described in the complaint, the Court finds that plaintiff fails to satisfy the second prong the inquiry.

Generally, private parties are not acting under color of state law. See *Price v. Hawaii*, 939 F.2d 702, 707–08 (9th Cir. 1991) "[A] litigant may seek damages under 42 U.S.C. § 1983 from a private party based on the violation of a constitutional right" if the plaintiff can show that "the private party engaged in state action under color of state law[.]" *Brunette v. Humane Soc'y of Ventura Cty.*, 294 F.3d 1205, 1209 (9th Cir. 2002). "[S]tate action may be found if, though only if, there is a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001) (quoting *Jackson v. Metro Edison Co.*, 419 U.S. 345, 351 (1974)). "To prove a conspiracy between the state and private parties under section 1983, [the plaintiff] must show an agreement or meeting of the minds to violate constitutional rights." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1540–41 (9th Cir. 1989).

However, in the Ninth Circuit, "[a] private lawyer representing a client in the lawyer's traditional adversarial role is not considered a state actor for purposes of § 1983." *Subramaniam v. Mosman*, 2017 WL 6887138, at *3 (D. Or. Oct. 31, 2017)

(citing *Simmons v. Sacramento Cty. Superior Court,* 318 F.3d at 1156, 1161 (9th Cir. 2003)).

Here, the complaint and attached exhibit reveal that defendants merely represented their client in the traditional adversarial role. Thus, plaintiff unsupported conclusions are inadequate to state a claim under § 1983 against defendants.

III. *Opportunity to Amend*

"The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Courts should give IFP litigants the opportunity to amend a deficient complaint if the deficiencies can be cured. *Lopez v. Smith,* 203 F.3d 1122, 1130 (9th Cir. 2000) (The "longstanding rule that leave to amend should be granted 'if it is at all possible that the plaintiff can correct the defect'" is particularly important for pro se litigants.) (citing *Balistreri v. Pacifica Police Dep't.,* 907 F.2d 696, 701 (9th Cir. 1997)).

Despite his background as a former attorney, plaintiff is proceeding pro se here, and he is entitled to an opportunity to amend because the Court cannot say with absolute certainty that amendments would fail to cure the current problems with the complaint.

/ / /

/ / /

/ / /

/ / /

## CONCLUSION

For the reasons set forth above, the Court defers ruling on plaintiff's IFP petition. Plaintiff's complaint is DISMISSED. Plaintiff is granted 21 days from the date of this order to file an amended complaint curing the deficiencies noted herein.

IT IS SO ORDERED.

Dated this 23rd day of January 2020.

_____
ANN AIKEN
United States District Judge