IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

BRUCE COMMITTE,                                    Case No. 3:18-cv-01013-AA
                                                   **OPINION & ORDER**
                 Plaintiff,

        v.

MILLER NASH GRAHAM & DUNN,
LLP, and P.K. Runkles-Pearson,

                 Defendants.

_____

AIKEN, District Judge.

        This Court previously dismissed plaintiff's complaint (doc. 2) for failure to sate

a claim upon which relief could be granted pursuant to 28 U.S.C. § 1915(e)(2)(B).

(doc. 9)  Plaintiff now moves for reconsideration of that order.  (doc. 10).

        A district court is permitted to reconsider and amend a previous order

pursuant to Fed. R. Civ. Pro. 59(e).  A motion for reconsideration, however, is "an

extraordinary remedy, to be used sparingly in the interests of finality and

conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d

877, 890 (9th Cir. 2000) (internal citations omitted).  Reconsideration is appropriate only if "the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *389 Orange St. Partners v. Arnold,* 179 F.3d 656, 665 (9th Cir.1999).

Plaintiff has not presented any newly discovered evidence in his motion, nor does he point to any intervening change in controlling law relevant to this matter. Thus, the Court construes plaintiff's argument to be that the Court clearly erred in its previous opinion.

Regarding his claim for age discrimination retaliation, the Court finds no clear error in it's previous analysis.[1]  Plaintiff has not persuasively argued that the Court erred in finding that he failed to sufficiently allege a claim against defendants because of the motion practice in which they engaged while representing their client, Oregon State University ("OSU") in previous litigation.  Further, plaintiff's conclusory allegations that defendants conspired with OSU to allegedly shorten application deadlines for jobs posted by OSU is not sufficient to state a claim for retaliation under federal pleading standards.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

---

[1] Plaintiff's arguments are covered more thoroughly in the Court's previous opinions.

Regarding his denial of free speech claims, plaintiff's arguments fail to show that the Court erred in finding that the complaint failed to adequately allege a claim under 28 U.S.C. § 1983 against these defendants.

Accordingly, plaintiff's motion for reconsideration (doc. 10) is DENIED. Consistent with this Court's previous opinion, Plaintiff is granted 21 days from the date of this order to file an amended complaint curing the deficiencies noted in the previous order and opinion.

IT IS SO ORDERED.

Dated this __10th__ day of April 2020.


        /s/Ann Aiken
        ANN AIKEN
        United States District Judge