IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

BRUCE COMMITTE,

          Plaintiff,

    v.

MILLER NASH GRAHAM & DUNN,
LLP, and P.K. Runkles-Pearson,

          Defendants.

Case No. 3:18-cv-01013-AA
**OPINION & ORDER**

AIKEN, District Judge.

This Court previously dismissed plaintiff's complaint (doc. 2) for failure to sate a claim upon which relief could be granted pursuant to 28 U.S.C. § 1915(e)(2)(B). Doc. 9. In light of his *pro se* status, the Court granted plaintiff the opportunity to amend his complaint.[1] Plaintiff then moved for reconsideration of the Court's order

---

[1] Although plaintiff is not currently a licensed attorney, he was a practicing member of the Florida State Bar for 22 years until being disbarred in 2016 for filing frivolous lawsuits. *Committe v. Gentry*, 2020 WL 3443022, *1 n.1 (W.D. La. May 8), *adopted by* 2020 WL 3442303 (W.D. La. June 23, 2020). *Committe v. AACSB International, et al.*, Case no. 3:20-cv-00372-JR, Doc. 37 at *1 (D. Or. Nov. 3, 2020).

Page 1 – OPINION & ORDER

dismissing his complaint. Doc. 10. The Court denied that motion (Doc. 11), and plaintiff filed a timely Amended Complaint. Doc. 12. For the reasons set forth herein, plaintiff's application to proceed *in forma pauperis* ("IFP") (Doc. 1) is GRANTED, and his Amended Complaint is DISMISSED, with prejudice.

## LEGAL STANDARD

Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. § 1915(a)(l), provides indigent litigants an opportunity for meaningful access to federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make two determinations. First, a court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(l). Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915(e)(2)(B).

Regarding the second of these determinations, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants and must dismiss a complaint if it fails to state a claim. Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the

claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* The court need not accept legal conclusions, unsupported by alleged facts, as true. *Id.*

*Pro se* pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). That is, the court should construe pleadings by pro se plaintiffs liberally and afford plaintiffs the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*; 839 F.2d 621, 623 (9th Cir. 1988). Additionally, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id.*

## DISCUSSION

The Court extensively covered the full background of this matter in its previous order dismissing plaintiff's original complaint. Doc. 9. Briefly, this case arises out of previous litigation by plaintiff. *See Committe v. Or. State Univ.*, Case No. 6:18-cv-00328-AA. There, plaintiff filed claims for age discrimination, retaliation, denial of academic freedom, and violations of his free speech and equal protection rights against Oregon State University ("OSU') and several employees when he applied for,

but did not receive, an advertised accounting faculty position. 2018 WL 4623159 (D. Or. Sept. 26, 2018). This Court granted defendants' motion to dismiss the complaint and later dismissed the case when plaintiff failed to file an amended complaint.

After filing the above action, plaintiff filed the present complaint against these defendants who represented OSU in previous litigation. In his original complaint, plaintiff plead that defendants had committed age discrimination in violation of 29 U.S.C. §§ 623(d) as well as free speech retaliation in violation of the First Amendment of the U.S. Constitution. As previously noted, the Court found that plaintiff had failed to state a claim upon which relief could be granted and dismissed the complaint, without prejudice.

In his amended complaint, plaintiff proceeds solely on his age discrimination claim. As in his first complaint, plaintiff claims that defendants colluded with OSU to retaliate against plaintiff by denying him a job as an accounting professor because of his previous age discrimination lawsuits against OSU. Tellingly, plaintiff still complains of defendant's representation of OSU in previous cases where it moved to dismiss his complaint and requested a pre-filing order against him.

A plaintiff may establish a prima facie case of discriminatory retaliation by showing that (1) she engaged in a protected activity; (2) she was subjected to an adverse employment action; and (3) there was a causal link between the protected activity and the adverse employment action." *Jamal v. Wilshire Management Leasing Corp.*, 320 F. Supp. 2d 1060, 1078 (D.Or. June 10, 2004) (citing *Bergene v. Salt River Project Agric. Improvement & Power Dist.*, 272 F.3d 1136, 1141 (9th Cir.2001)).

Once again, the Court notes that there is no case or statutory authority holding that motion practice by attorneys representing their client in a normal adversarial proceeding constitutes an adverse employment action. As for plaintiff's threadbare allegation that defendants conspired with OSU to deny him a job, it is the same conclusory allegation that the Court previously rejected.

Essentially plaintiff has repleaded the same allegations that the Court has already found deficient. Indeed, he has continued to plead similar claims in other cases this District. In one similar case, Magistrate Judge Jolie Russo, citing this Court's previous opinion dismissing plaintiff complaint recently concluded that:

> the fact that counsel represented their client in the traditional adversarial role by informing plaintiff that his proposed complaint was frivolous is inadequate to state a plausible claim for relief. This Court can find no case or statutory authority which holds that conferral or motions practice by attorneys representing their clients in litigation constitutes an adverse employment action. *But see Wollam v. Brandt*, 154 Or.App. 156, 162, 961 P.2d 219 (1998) (Oregon law provides an absolute privilege for the statements and conduct of attorneys and parties which "have some reference to the subject matter" of pending litigation); *see also Mantia v. Hanson*, 190 Or.App. 412, 423, 79 P.3d 404 (2003) (noting case law extending the privilege "not merely to defamatory statements, but also to conduct undertaken in connection with litigation").

*Committe v. Reeves*, et al. Case No. 3:20-cv-01686-JR. Doc. 6 at *5 (D. Or. Nov. 19, 2020). In another recent case, U.S. District Judge Michael Mosman granted a motion for a prefiling order against plaintiff which prohibits him from filing any 42 U.S.C. § 1983 or age discrimination claims against OSU and its counsel without first obtaining leave from the Court. *See Committe v. AACSB International, et al.* Case No. 3;20-cv-00372-JR, Doc. 42. (D. Or. Nov. 3, 2020).

Here, plaintiff has again failed to plead a plausible claim for the relief. Accordingly, his complaint should be dismissed. Further, the Court finds that deficiencies in the amended complaint cannot be cured through amendment. As plaintiff merely restated his previous claims in his amended complaint and any amendment against these defendants given the underlying facts would be futile, the Court dismisses the complaint, with prejudice.

## CONCLUSION

Plaintiff's application for IFP status (Doc. 1) is granted as his application shows an inability to pay the required filing fees. For the reasons set forth above, plaintiff's amended complaint is dismissed, with prejudice. Accordingly, this action is dismissed.

IT IS SO ORDERED.

Dated this __1st__ day of February 2021.

_____/s/Ann Aiken_____
ANN AIKEN
United States District Judge
